**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4830

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAJUAN GORDON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (3:05-cr-00068-WCB)

Submitted:  November 28, 2007      Decided:  December 18, 2007

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaJuan Gordon appeals from his conviction and 240-month sentence after pleading guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). Gordon's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asking this court to review the district court's failure to independently assess the sources used to support the findings in the presentence report; specifically, that Gordon was responsible for 1763.3 grams of cocaine base, as well as a two-level offense level enhancement for possession of a firearm. Gordon has filed a pro se supplemental brief in which he claims that he received ineffective assistance of counsel. Finding no error, we affirm.

When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In his plea agreement, Gordon pled guilty to distribution of cocaine base and further stipulated that the total drug relevant conduct was 1763.3 grams of cocaine base. After reviewing the Government's investigative materials and debriefing interviews of witnesses and Gordon's co-defendants, the probation officer also concluded Gordon was responsible for 1763.3 grams of cocaine.

Despite Gordon's objections to this finding, he provided no substantive evidence at the sentencing hearing to challenge the drug total, only casting general aspersions as to the credibility of the sources relied upon by the probation officer. See generally United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (quoting United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990)). Therefore, in light of Gordon's stipulation and the information presented in the presentence report, we find the district court's determination of the total amount of cocaine base attributable to Gordon was not erroneous.

Gordon's objection to the increase in his offense level for possession of a firearm, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005), also fails. The probation officer relied on statements made by co-defendants JoAnn Christian and George Carter, both of whom admitted they were involved in a deal whereby Christian's AK-47 was given to Gordon in exchange for cash and cocaine base. Based on the guilty pleas entered by Christian and Carter and their relevant admissions, and in light of the lack of evidence produced by Gordon to challenge the findings in the presentence report, we find the district court did not err in applying a two-level offense level adjustment for Gordon's possession of a firearm.

In his pro se supplemental brief, Gordon alleges he was targeted by a police officer who concocted the drug charges against

him.  Gordon contends he was not able to oppose the charges because he received ineffective assistance from his trial counsel.  Gordon also alleges he was promised he would only receive a ten to eighteen—month sentence.  A claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal unless the record conclusively demonstrates ineffective assistance.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Such a claim cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record.  See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).  There is no evidence in the record to support Gordon's claims of ineffective assistance.  Therefore, these claims should be raised in a § 2255 motion rather than on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Gordon's conviction and sentence.  This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED